IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CIRCA OF AMERICA, LLC, | : | CASE NO. 20-66626-pwb |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |
| | : | |
| PACIFIC OAK SOR CROWNE POINTE, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| CIRCA OF AMERICA, LLC, | : | |
| | : | |
| Respondent. | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that **PACIFIC OAK SOR CROWNE POINTE, LLC** has filed its Motion for Relief From Stay Pursuant to 11 U.S.C. § 362 and for Abandonment of Any Property in the Leased Premises (the "**Motion**") and related papers with the Court seeking an order granting relief from the automatic stay so that it may institute eviction proceedings against the Debtor and that the automatic stay, presently in effect, shall be modified.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia at **10:00 a.m**. on **August 11, 2020**.

Given the current health crisis, hearings may be telephonic only.  Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top

3714375-1 8000.0045000

of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303.  You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated:  July 15, 2020.            /s/   *Kristen Yadlosky*
                                                  Todd H. Surden
                                                  Georgia Bar No. 774046
                                                  Kristen Yadlosky
                                                  Georgia Bar No. 779615
                                                  Hartman Simons & Wood LLP
                                                  6400 Powers Ferry Road, NW, Suite 400
                                                  Atlanta, GA  30339(770) 955-3555
                                                  todd.surden@hartmansimons.com
                                                  kristen.yadlosky@hartmansimons.com
                                                  Counsel for Pacific Oak SOR Crowne Pointe, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CIRCA OF AMERICA, LLC, | : | CASE NO. 20-66626-pwb |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |
| | : | |
| PACIFIC OAK SOR CROWNE POINTE, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| CIRCA OF AMERICA, LLC, | : | |
| | : | |
| Respondent. | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND TO DEEM ALL PROPERTY IN THE PREMISES ABANDONED

COMES NOW Pacific Oak SOR Crowne Pointe, LLC f/k/a KBS SOR Crowne Pointe, LLC ("**Movant**" or "**Landlord**"), by and through its undersigned attorney, and respectfully moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362 and Bankruptcy Rules 4001, 9013 and 9014 by filing this Motion for Relief from the Automatic Stay to Evict Debtor from the leased premises and for Abandonment of Any Property in the Leased Premises (the "**Motion**"), showing the Court as follows:

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and 11 U.S.C. § 362.

3714375-1 8000.0045000                                         3

2.

The Office Lease ("**Lease**") dated September 19, 2019, is between Landlord and tenant, Circa Holdco, LLC ("**Tenant**").  On or about September 23, 2019, Landlord entered into Landlord's Agreement with CIBC Bank USA ("**Lender**") and Circa of America, LLC ("**Debtor**").  A true and correct copy of Landlord's Agreement is attached hereto as Exhibit A.

3.

Debtor represents that its principal place of business is located in the leased premises known as Crown Pointe, 1040 Crown Pointe Parkway, Suite 250, Atlanta, Georgia  30338 ("**Premises**").  [Dkt. 1, p. 1]  Nevertheless, Debtor has not paid rent, has not listed Landlord as a creditor; nor has Debtor included the Lease in its disclosure of Unexpired Leases and Executory Contracts.

4.

This is a motion seeking relief from the automatic stay under section 362 of the Bankruptcy Code for the purposes of evicting the Debtor from the Premises.

5.

On May 22, 2020 (the "**Petition Date**"), Debtor filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code ("**Bankruptcy Code**").

6.

Neither Debtor nor Tenant have not paid the rent and other charges accruing under the Lease since the Petition Date.

7.

Movant is presently unable to evict the Debtor from the Premises, take possession of the Premises and otherwise enforce its contractual and statutory rights, unless the Court terminates, annuls, modifies or otherwise alters the automatic stay under 11 U.S.C. § 362.

8.

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) "for cause," as well as under 11 U.S.C. § 362(d)(2) for debtor's lack of equity in the Property, in order to evict the Debtor from the Premises pursuant to O.C.G.A. § 44-7-49 et seq. and the Lease.

9.

Importantly, Movant requests that the Order for relief not be stayed for the fourteen (14)-day period under Bankruptcy Rule 4001(a)(3) and become effective immediately upon entry.

I. **ARGUMENT AND CITATION OF AUTHORITY**

10.

Under § 362(d)(2) of the Bankruptcy Code, the Court may grant relief from the automatic stay if "the debtor does not have any equity in such property and such property is not necessary to an effective reorganization." Debtor is not the Tenant under the Lease and, thus, neither the Debtor nor the Trustee have the right to assume or reject the Lease. Accordingly, the Lease has no value to the Estate and has no potential to benefit the creditors.

11.

Moreover, under the Bankruptcy Code, the landlord is not forced to extend credit to the Debtor by allowing the Debtor to maintain possession without paying post-petition rent. *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308 (Bankr. Del. 2009)("the mere fact that the Debtors are occupying the Landlord's premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under Section 503(b)(1)."), quoting *In re Goody's Family Clothing*, 392 B.R. 604 (Bankr. Del. 2008), aff'd., 401 B.R. 656 (D. Del. 2009); *In re DVI, Inc.*, 308 B.R. 703 (Bankr. Del. 2004).

12.

Under § 362(d)(1) of the Bankruptcy Code, the Court may grant relief from the automatic stay "for cause." "Cause" for relief from the stay is viewed as a broad and flexible concept." *See In re M.J. & K. Co.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). Here, there exists overwhelming cause to grant the requested relief from stay to allow eviction of the Debtor from the Premises.

13.

Section 362(d)(1) expressly includes the "lack of adequate protection of an interest in property" as cause for relief from the stay. Tenant is substantially in arrears on the rent and other amounts owed under the Lease since the Petition Date. Nevertheless, Debtor continues to retain possession of the Property without making rent payments.

14.

These defaults by Tenant and failure to pay rent by Debtor demonstrate that Debtor has failed to provide adequate protection under Section § 361. Relief from stay should be granted on the complete absence of adequate protection of Movant's interest in the Lease and Premises alone. 11 U.S.C. § 362(d)(1) ("for cause, including the lack of adequate protection of an interest in property of such party in interest"); *In re Gold Rush, II, Inc.*, 2005 Bankr. LEXIS 2757 (N.D. Ga. 2005)(granting relief from stay and dismissing petition based on debtor's repudiated of pre-petition obligations).

15.

To the extent that the Debtor leaves any property including but not limited to personal property, inventory, furniture, fixture and/or equipment (collectively, "**Property**"), at the Premises, Landlord requests that the Property be abandoned pursuant to 11 U.S.C. § 554 of the Bankruptcy Code.

16.

Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the Trustee may abandon any property of the Bankruptcy Estate that is burdensome to the Estate or that is of inconsequential value and benefit to the Estate." 11 U.S.C. § 554(a).

17.

Based on the Landlord Agreement and Debtor's Schedules [Dkt. 1], to the extent that there may be Property of value in the Premises, said Property is subject to a security interest held by Lender. The Debtor has scheduled its secured debt to Lender as $988,554.00 and the value of the collateral as $622,414.00 which consists almost entirely of accounts receivable and not physical property. [Dkt. 1, p. 22] In addition, the Debtor represents that another lender, Patriot Capital 111 SBIC L.P., has a lien on all assets of the Debtor for a loan of more than $5.325 million and a security interest on all assets of Debtor. [*Id.*] Debtor also represents that there is no remaining value of collateral to secure this claim. [*Id.*]

18.

Based on the foregoing, the amount of the underlying debt exceeds the value of said Property. Finally, Landlord has provided notice to by mail to Lender and the Chapter 7 Trustee and to all other potentially interested parties through ECF notification so that those parties have an opportunity to address any concerns regarding the abandonment of the Property with the Court.

19.

Based upon the foregoing facts and circumstances, Landlord submits that the abandonment of Property remaining in the Premises in the manner set forth above is supported by sound business judgment and is necessary, prudent and in the best business interests of the Debtor, the Estate, creditors and parties in interest

**WHEREFORE**, Movant requests this Court enter an Order Granting Relief from the Automatic Stay so that Movant may proceed with its state law eviction rights and for the following relief:

(a) That the Court lift the automatic stay to allow Movant to exercise its state-law rights in the Premises and any Property remaining in the Leased Premises, including (without limitation) taking all necessary steps to evict the Debtor from the Premises;

(b) That any Property remaining in the Leased Premises be deemed abandoned;

(c) That the Court compel the payment of the fixed minimum rent in the amount of $9,666.67 on the first day of each month until Debtor vacates the Premises;

(d) That the filing of this Motion serves as any notice required under federal or state law, such that any notice period applies retroactively and begins running as of the date of this Motion;

(e) That the Court grant immediate relief at the hearing noticed concurrently herewith and waive the requirement of Bankruptcy Rule 4001(a)(3); and

(d) That the Court grant such other relief as is just and proper.

Dated: July 15, 2020.
/s/  *Kristen Yadlosky*
Todd H. Surden
Georgia Bar No. 774046
Kristen Yadlosky
Georgia Bar No. 779615
Hartman Simons & Wood LLP
6400 Powers Ferry Road, NW, Suite 400
Atlanta, GA  30339
(770) 955-3555
todd.surden@hartmansimons.com
kristen.yadlosky@hartmansimons.com
Counsel for Pacific Oak SOR Crowne Pointe, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of July, 2020 she caused a true and correct copy of the foregoing document to be served electronically on the parties registered to receive ECF notification from the Court, and that she served the foregoing document by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery on the following:

| | | |
|---|---|---|
| *Debtor* <br> **Circa of America, LLC** <br> 1040 Crown Point Parkway <br> Suite 250 <br> Atlanta, GA  30338 | represented by | **Matthew W. Levin** <br> Scroggins & Williamson, P.C. <br> One Rivergate, Suite 450 <br> 4401 Northside Parkway <br> Atlanta, GA  30327 <br> mlevin@swlawfirm.com |
| *Trustee* <br> **Jason L. Pettie** <br> P.O. Box 17936 <br> Atlanta, GA  30316 | represented by | *Trustee* <br> **Jason L. Pettie** <br> P.O. Box 17936 <br> Atlanta, GA  30316 <br> trustee@jasonpettie.com |

**CIBC Bank USA**
Attn:  Andrew Hoffman
120 South LaSalle St., Suite 200
Chicago, IL  60603

**Patriot Capital 111 SBIC LP**
509 South Exeter St.
Suite 210
Baltimore, MD  21202

                                                                /s/ *Kristen A. Yadlosky*
                                                                Kristen A. Yadlosky