IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **CIRCA OF AMERICA, LLC,** | ) | CASE NO. **20-66626-PWB** |
| | ) | |
| Debtor. | ) | |

**NOTICE OF TRUSTEE'S MOTION FOR COMPROMISE AND SETTLEMENT,
DEADLINE TO OBJECT AND FOR HEARING**

**PLEASE TAKE NOTICE** that the Trustee has filed the attached motion to approve a settlement with the Debtor's secured creditors (the "Motion").

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files an objection within twenty-one (21) days from the date of service of this notice. Any person wishing to object to any fee application that has not already been approved or to the Final report must timely file an objection with the Bankruptcy Clerk at the following address: *Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Dr, S.W., Atlanta, Georgia 30303*, and must serve a copy on the trustee at the following address: Jason L. Pettie, P.O. Box 17936, Atlanta, Georgia 30316, and any other appropriate persons by the objection deadline. The response or objection must be actually received by the Bankruptcy Clerk within the required time.

A hearing on this matter has been scheduled for August 25, 2020 at 10:00 a.m. in Courtroom 1401, United States Courthouse, 75 Ted Turner Dr, S.W., Atlanta, Georgia. (*Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone*.). If an objection or response is timely filed and served, the hearing will proceed as scheduled. If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing provided that an order is entered approving the motion prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the motion prior to the hearing, the hearing will be held at the time and place as scheduled.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    */s/ Jason L Pettie*
    Jason L. Pettie, Trustee
    Georgia Bar # 574783
    P.O. Box 17936
    Atlanta, GA 30316
    (404) 638-5984

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **CIRCA OF AMERICA, LLC,** | ) | CASE NO. **20-66626-PWB** |
| | ) | |
| Debtor. | ) | |

## MOTION FOR COMPROMISE AND SETTLEMENT

COMES NOW, Jason L. Pettie, as the duly acting and authorized Chapter 7 Trustee in the above styled case, and moves this Court for an order authorizing him to compromise and settle certain matters with two of the estate's secured creditors pursuant to Bankruptcy Rule 9019, and respectfully shows the Court the following:

1. Circa of America, LLC (the "Debtor") filed a voluntary petition under Chapter 17 of the Bankruptcy Code on May 22, 2020 (the "Petition Date").

2. The § 341 meeting of creditors was held and concluded on June 29, 2020, at which time Jason L. Pettie ("Trustee") became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d).

3. The Debtor ran a leather accessories business for over fifty years, and the Debtor had a number of open accounts as of the Petition Date. The Debtor's schedules listed the face value of its outstanding receivables at over $2,000,000. The Debtor also has some finished goods and raw materials which may have value for the estate.

4. The Debtor appears to have the following secured creditors:

a. CIBC Bank USA (as successor to the PrivateBank and Trust Company) ("CIBC") is a creditor in this case by virtue of that certain Loan and Security Agreement dated November 20, 2015 (as amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement", and all documents executed in connection therewith, collectively defined as the "Loan Documents"). CIBC has filed a secured proof of claim in the amount of $993,107.60 [Proof of Claim No. 1] (the "CIBC Claim"). CIBC appears to hold a properly perfected security interest as evidenced by that certain UCC Financing Statement recorded on December 1, 2015,

    a copy of which is attached to the CIBC Claim.

  b. Patriot Capital III SIBC ("Patriot Capital") is a creditor in this case by virtue of that certain Investment Agreement dated November 20, 2015 (as amended, restated, supplemented or otherwise modified from time to time, the "Patriot Loan Agreement", and all documents executed in connection therewith, collectively defined as the "Patriot Loan Documents"). Patriot Capital has filed a secured proof of claims in the aggregate amount of $5,619,610.78 [Proof of Claim No. 3] (the "Patriot Capital Claim"). Patriot Capital appears to hold a properly perfected security interest as evidenced by that certain UCC Financing Statement recorded on November 23,2015 as filing # 15-7496305313, a copy of which is attached to the Patriot Capital Claim.

  c. Pursuant to the terms of that certain Intercreditor Agreement dated November 20, 2015, by and among Patriot Capital, CIBC, and the Debtor, Patriot Capital's lien is subordinate to the lien of held by CIBC.

5. In the interest of liquating the Debtor's receivables and other assets in an efficient manner, paying down the Debtor's secured claims, and recovering funds to make a distribution to the estate's unsecured creditors, Trustee has reached an agreement with CIBC and Patriot Capital as set forth in the *Stipulation Regarding Security Interest of CIBC Bank USA and Patriot Capital III SIBC* [attached hereto as Exhibit "A"] (the "Stipulation").

6. Under the terms of the Stipulation, Trustee will move to employ Receivables Control Corp ("RCC"), who has been selected by CIBC, to collect on the Debtor's outstanding receivables, and RCC would be authorized to turn over amounts collected on the receivable collateral to CIBC as such funds are received. The Stipulation further provides for the Trustee to liquidate all other collateral subject to CIBC and Patriot Capital's security interests, with Trustee retaining twenty-five percent (25%) of the net recovery as a carve-out pursuant to 11 U.S.C. § 506(c) for the benefit of the Estate.

7. With this motion, Trustee seeks approval of this Stipulation pursuant to Bankruptcy Rule 9019 as well as modification of the automatic stay to provide for the collection upon outstanding receivables

as stated in the Stipulation.

8.    The standard for approving or disapproving a compromise and settlement is found in the factors set forth in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II), 898 F2d 1544, 1549 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). Justice Oaks requires that the Court consider (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, as well as the expense, inconvenience, and delay; and (4) a deference to the reasonable views of creditors.

9.    Trustee submits that the proposed settlement offers the best outcome for the Estate, because continued litigation would not likely result in any net increase in proceeds for the Estate, and this proposed settlement saves the Estate the expenses that would be associated with selling the Vehicle if Trustee prevailed in the Adversary Proceeding.

WHEREFORE, the Trustee prays that the Court enter an Order authorizing the compromise and settlement as set forth herein and granting such other and further relief as may be just and proper.

/s/ Jason L. Pettie
Jason L. Pettie, Trustee
Georgia Bar # 574783
P.O. Box 17936
Atlanta, Georgia 30316
(404) 638-5984

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **CIRCA OF AMERICA, LLC** | ) | Case No. **20-66626-PWB** |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| JASON L. PETTIE, as Trustee | ) | |
| Movant, | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| CIBC BANK USA as successor to | ) | |
| THE PRIVATE BANK AND TRUST CO., and | ) | |
| PATRIOT CAPITAL III SBIC | ) | |
| Respondents. | ) | |
| _____ | ) | |

## STIPULATION REGARDING
## <u>SECURITY INTERESTS OF CIBC BANK USA AND PATRIOT CAPITAL III SIBC</u>

COMES NOW, Jason L. Pettie, Trustee in the above-captioned case, and does hereby submit this Stipulation Regarding Security Interest of CIBC Bank USA (as successor to the PrivateBank and trust Company) ("CIBC") and Patriot Capital III SIBC ("Patriot Capital"). In support of this Stipulation, the Trustee, CIBC and Patriot Capital hereby agree as follows:

1. The Debtor filed this case on May 22, 2020 (the "Petition Date").

2. CIBC is a creditor in this case by virtue of that certain Loan and Security Agreement dated November 20, 2015 (as amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement", and all documents executed in connection therewith, collectively defined as the "Loan Documents"). CIBC filed a secured proof of claim in the amount of $993,107.60 on June 4, 2020 [Proof of Claim No. 1] (the "CIBC Claim"). CIBC holds a perfected security interest as evidenced by that certain UCC Financing Statement recorded on December 1, 2015, a copy of which is attached to the CIBC Claim.

3. Patriot Capital is a creditor in this case by virtue of that certain Investment Agreement dated November 20, 2015 (as amended, restated, supplemented or otherwise modified from time to time, the "Patriot Loan Agreement", and all documents executed in connection therewith, collectively defined as the "Patriot Loan Documents"). Patriot Capital has filed a secured proof of claims in the aggregate amount of $_5,619,610.78 on July 16, 2002 ,Proof of Claim No. 3 (the "Patriot Capital Claim"). Patriot Capital holds a perfected security interest as evidenced by that certain UCC Financing Statement recorded on November 23,2015 as filing # 15-7496305313, a copy of which is attached to the Patriot Capital Claim.

4. Pursuant to the terms of that certain Intercreditor Agreement dated November 20, 2020, by and among Patriot Capital, CIBC, and Debtor, Patriot Capital's lien is subordinate to the lien of CIBC.

5. The Trustee and CIBC desire to liquidate property of the Debtor's bankruptcy estate (the "Estate") in a manner that will allow CIBC and Patriot to collect on their collateral and enable Trustee investigate the Debtor's financial affairs and pay unsecured claimants.

6. Trustee shall file (i) a motion to approve this Stipulation, which motion shall request that the Court modify the automatic stay as to CIBC to allow CIBC to collect on Debtor's outstanding receivables and (ii) an application to employ Receivables Control Corp ("RCC"), who has been selected by CIBC, to collect on the Debtor's outstanding receivables.

7. Upon entry of an order approving this stipulation, (i) RCC shall be authorized to turn over amounts collected on the receivable collateral to CIBC as such funds are received and (ii) CIBC shall be authorized to apply any payments received on the Debtor's outstanding receivables, whether collected by RCC or otherwise, to the prepetition obligations of Debtor under the Loan Documents.

8. CIBC and Patriot Capital agrees that Trustee is authorized to liquidate all other collateral subject to CIBC and Patriot Capital's security interests, and Trustee may retain twenty-five percent (25%) of the net recovery as a carve-out pursuant to 11 U.S.C. § 506(c) for the benefit of the the Estate. Trustee shall seek authorization to distribute creditors' seventy-five percent (75%) interest in the net recovery as such funds are received instead of waiting until Trustee's final distribution in this case.

9. CIBC holds aperfected and first priority lien and security interest in all of the Debtor's prepetition assets. Patriot Capital holds a perfected and second priority lien and security interest in all of the Debtor's prepetition assets. Trustee releases any claims that the Estate may have had to avoid CIBC and Patriot Capital's security interests.

10. The CIBC Claim hereby deemed a valid, secured claim and is allowed as filed.

This 10th day of July, 2020

| | |
|---|---|
| **JASON L. PETTIE** | **KATTEN MUCHIN ROSENMAN LLP** |
| /s/_____ | /s/ John P. Sieger_____ |
| Jason L. Pettie, Trustee in Bankruptcy | John P. Sieger |
| Georgia Bar # 574783 | Attorney for CIBC Bank USA, as successor to |
| P.O. Box 17936 | The PrivateBank and Trust Company |
| Atlanta, Georgia 30316 | Illinois Bar # 6240033 |
| (404) 638-5984 | 525 W. Monroe Street |
| | Chicago, Illinois 60661 |
| | (312) 902-5294 |

**THOMAS & LIBOWITZ, P.A.**

/s/_____
C. Wayne Davis
Attorney for Patriot Capital III SBIC, L.P. and Patriot Capital III, L.P.
25 South Charles Street, Suite 2015
Baltimore, MD 21201
(410) 752-2468